# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7016 | **DATE** | 4/22/2004 |
| **CASE TITLE** | Filemon Moyaho vs. Art Lucas | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Moyaho has failed to allege a claim for breach of fiduciary duty under ERISA sufficient to survive dismissal. Accordingly, Defendants' motion to dismiss first amended complaint (Doc. No. 9-1) is granted without prejudice. Moyaho has 21 days to file a second amended complaint.

(11) ■ [For further detail see

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/22/2004 | |
| | | courtroom deputy's initials | date mailed notice | |
| ETV | | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FILEMON MOYAHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 7016 |
| ) | |
| ART LUCAS, individually and in his ) | Judge Rebecca R. Pallmeyer |
| capacity as Trustee, ROOFERS LOCAL ) | |
| 11 UNION PENSION FUND, ROOFERS ) | |
| LOCAL 11 UNION WELFARE FUND, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
APR 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Filemon Moyaho filed suit against Art Lucas, Trustee of the Roofers Local 11 Union Pension Fund and the Roofers Local 11 Union Welfare Fund (collectively, the "Pension and Welfare Funds"), and against the Pension and Welfare Funds, alleging that Lucas violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, by willfully refusing to represent Moyaho in a contractual dispute against his employer regarding the payment of wages and fringe benefit contributions. Defendants have moved to dismiss Moyaho's First Amended Complaint for failure to state a claim. For the reasons set forth here, the motion is granted.

## BACKGROUND

Moyaho worked for Monarch Roofing, one of the employers making contributions to the Pension and Welfare Funds pursuant to a Collective Bargaining Agreement ("CBA") with Roofers Local 11. (FAC ¶¶ 4, 6.)[1] The Pension and Welfare Funds are multiemployer pension and welfare plans within the meaning of ERISA §§ 1002(1), (2), and (37). (Id. ¶ 4.) In the summer of 2002, Moyaho and his wife met with Lucas, who serves as Business Manager of Roofers Local 11 and Trustee of the Pension and Welfare Funds, and provided written documentation allegedly showing

---

[1] Moyaho's First Amended Complaint is cited as "FAC ¶ ___."

that Monarch Roofing was not paying its union employees the proper wages or making the proper fringe benefit contributions on their behalf. (*Id.* ¶¶ 5, 6.) According to Moyaho, Monarch Roofing was paying its employees on a "piece-rate" basis instead of on an hourly basis as required by the CBA. (*Id.* ¶ 7.) Despite this evidence, Moyaho alleges, Lucas "willfully and intentionally refused to assist in any manner." (*Id.* ¶ 8.) In addition, Lucas allegedly "intentionally refused to represent a member [Moyaho] with a bona fide contractual dispute concerning the amount of the member's proper fringe benefit contribution." (*Id.* ¶ 10.) Shortly after Moyaho met with Lucas, Monarch Roofing fired him. (*Id.* ¶ 9.)

On October 3, 2003, Moyaho filed a complaint against Lucas, Roofers Local 11, and the Pension and Welfare Funds, alleging violations of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; § 101 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411; and § 1132 of ERISA. Defendants moved to dismiss the complaint on the grounds that Moyaho's contract disputes under § 301 of the LMRA were time-barred, and that he failed to exhaust both his internal Union remedies and his administrative remedies as required by § 101 of the LMRDA and ERISA, respectively.

Without responding to Defendants' motion, Moyaho filed a First Amended Complaint ("FAC") on December 1, 2003. In the FAC, Moyaho has dismissed Roofers Local 11 as a defendant and asserts claims solely under § 1132 of ERISA. Presumably in response to Defendants' argument that he failed to exhaust his administrative remedies, Moyaho newly alleges that there are no additional procedural requirements for him to exhaust and that such exhaustion would be futile in any event. (FAC ¶ 12.) He asks that Defendants "be liable for all fringe benefit contributions lost as a result of the failure of Art Lucas and Roofers Local 11 Trust Funds to

2

represent the Plaintiff," as well as punitive damages, attorneys' fees, and costs. Defendants have moved to dismiss the FAC pursuant to FED. R. CIV. P. 12(b)(6).[2]

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations in the plaintiff's complaint and draws all reasonable inferences in his favor. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

The FAC does not identify which of the six types of civil actions under ERISA § 1132 Moyaho intends to bring in this case. Defendants claim that the only possible section at issue given the allegations in the FAC is § 1132(a)(2), which authorizes suit "by a participant, beneficiary or fiduciary for appropriate relief under section 1109." (*See* Def. Mem., at 5-6.) Section 1109 of ERISA imposes personal liability on plan fiduciaries who breach "any of the responsibilities, obligations, or duties imposed upon fiduciaries" and requires that they "make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Relying on § 1132(a)(1)(B), Moyaho first states in conclusory fashion that the court has subject matter jurisdiction over his claims because he is a plan participant seeking "to recover benefits due him under the terms of the plan, to enforce his rights under the plan, or to clarify his rights to future benefits." (Pl. Response, at 1.)[3] He does not, however, dispute that his claim is really one for

---

[2] Defendants dispute that the Pension and Welfare Funds are proper defendants in this case; they nevertheless refer to themselves collectively as "Defendants" for purposes of this motion to dismiss. (Memorandum in Support of Defendants' Motion to Dismiss First Amended Complaint (hereinafter "Def. Mem."), at 1 n.1.)

[3] Plaintiff's Response to the Motion to Dismiss is cited as "Pl. Response, at ___."

3

breach of fiduciary duty by a plan trustee under § 1132(a)(2). (Id. at 2.) Indeed, Moyaho seeks only to hold Lucas and the Pension and Welfare Funds liable for fringe benefit contributions lost as a result of their failure to represent him.[4] (FAC, at 3.) Thus, the court will analyze Moyaho's claim under §§ 1132(a)(2) and 1109.

To establish a breach of fiduciary duty under ERISA, Moyaho's complaint "must allege facts which set forth (1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that a cognizable loss resulted." Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998), rev'd on other grounds, 530 U.S. 211 (2000). See also Wsol v. Fiduciary Management Associates, Inc., 266 F.3d 654, 656 (7th Cir. 2001) (breach of fiduciary duty must have "imposed a loss on the plan or generated a profit for [defendants] 'through use of assets of the plan' by [defendants]"). Moyaho has properly alleged that Lucas is a plan fiduciary,[5] but Defendants claim that he has not set forth either of the other two required elements. According to Defendants, Lucas's failure to represent Moyaho in a contractual dispute concerning fringe benefits does not constitute a breach of any fiduciary duty arising under ERISA. (Def. Mem., at 7.) Moreover, in Defendants' view, Lucas has failed to identify any loss or injury to the plans resulting from any such breach of fiduciary duty. (Id. at 8.) The court agrees.

---

[4] In a footnote, Moyaho claims that he also "seeks to recover benefits due him and to clarify his right to future benefits" because "[t]hese benefits would necessarily flow if the proper contributions are made, which is asked for in the prayer for relief." (Pl. Response, at 2 n.1.) The FAC, however, contains no allegations to support such a claim. See 29 U.S.C. § 1132(a)(1)(B).

[5] Despite naming the Pension and Welfare Funds as defendants, Moyaho has not alleged that they are plan "fiduciaries" within the meaning of ERISA. 29 U.S.C. § 1002(21).

4

### A. Breach of Fiduciary Duty

Defendants argue that they did not have any fiduciary obligation to "administer or enforce terms of a collective bargaining agreement between the Union and an employer. That is the obligation solely of the Union member's exclusive bargaining representative – Roofers Local 11." (Def. Mem., at 7) (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 70-78 (1991) (discussing a union's duty of fair representation)). Moyaho responds that the FAC properly alleges that he presented Lucas with evidence of Monarch Roofing's failure to make fringe benefit contributions, but that Lucas "failed to 'discharge his duties to a plan solely in the interest of the participants' by failing to provide benefits to participants such as Mr. Moyaho." (Pl. Response, at 2) (citing 29 U.S.C. § 1104(a)(1)(A)(i)).

ERISA imposes various fiduciary duties upon individuals acting as plan trustees, including duties of loyalty and duties of care or prudence. 29 U.S.C. §§ 1104(a)(1)(A), (a)(1)(B). A fiduciary breaches his duty of loyalty under § 1104(a)(1)(A) "whenever [he] acts to benefit [his] own interests." *Herdrich*, 154 F.3d at 371. A fiduciary also breaches his duties of loyalty and care if he "mislead[s] plan participants or misrepresent[s] the terms or administration of a plan." *Anweiler v. American Electric Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir. 1993). Fiduciaries must "communicate material facts affecting the interests of beneficiaries," *Id.*, and must affirmatively inform beneficiaries of facts "when the trustee knows that silence might be harmful." *Neuma, Inc. v. E.I. DuPont de Nemours and Co.*, 133 F. Supp. 2d 1082, 1085 (N.D. Ill. 2001) (quoting *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993)). Moyaho's FAC alleges none of these things. Nothing in the complaint suggests that Lucas acted in his own interests by failing to represent Moyaho in his claim that Monarch Roofing was not making proper contributions to the plans. Nor does Moyaho allege that Lucas made any misrepresentations to him or failed to communicate material information. Significantly, Moyaho has

not cited a single case supporting a claim for breach of fiduciary duty where a trustee merely failed to represent a plan beneficiary in a dispute with his employer. Thus, Moyaho has not stated a claim for breach of fiduciary duty under ERISA.

In addition, "[t]he Supreme Court has made clear . . . that recovery under § 1109 inures to the benefit of a plan as a whole, not to individual participants." *Lumenite Control Technology, Inc. v. Jarvis*, 252 F. Supp. 2d 700, 711 (N.D. Ill. 2003) (citing *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)). Thus, a participant can only bring an action for a fiduciary breach under ERISA "in a representative capacity on behalf of the plan as a whole." *Russell*, 473 U.S. at 142 n.9. To the extent Moyaho seeks money damages, his FAC is defective on that basis as well.

Defendants argue that the gravamen of Moyaho's claim is that Roofers Local 11 "breached its duty of fair representation owed to him by Lucas['] allegedly refusing to act on Plaintiff's complaints that his former employer violated the CBA." (Def. Mem., at 8-9; Defendants' Reply to Plaintiff's Response to the Motion to Dismiss, at 5-6.) *See* LMRA § 301, 29 U.S.C. § 185. As the FAC currently stands, the court agrees. Indeed, Moyaho alleged just such a claim in his original complaint – now abandoned as untimely – and the factual allegations in the FAC remain largely unchanged. (FAC ¶¶ 5, 6, 8; Cmplt. ¶¶ 6, 7, 9) (alleging in a complaint filed on October 3, 2003 that Lucas refused "in the summer of 2002" to help Moyaho address Monarch Roofing's alleged contribution deficiencies.) *See Story v. DaimlerChrsyler Corp.*, 221 F.3d 1339 (Table), 2000 WL 975175, at *1 (7th Cir. 2000) (citing *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)) ("[t]he statute of limitations for a duty-of-fair-representation claim is six months"). Nevertheless, the court grants Moyaho 21 days in which to file a second amended complaint consistent with this opinion. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 572-73 (1985) (ERISA "requires that a benefit plan prevent participant employers from gaining even temporary use of assets to which the plan is

6

entitled . . . a requirement that would certainly create a trustee responsibility for assuring full and prompt collection of contributions owed to the plan").

### B. Loss to the Plans

Having found that Moyaho failed to allege an ERISA breach of fiduciary duty claim, the court need not address Defendants' additional argument that he failed to allege any resulting loss or injury to the plans.

### CONCLUSION

Moyaho has failed to allege a claim for breach of fiduciary duty under ERISA sufficient to survive dismissal. Accordingly, Defendants' Motion to Dismiss First Amended Complaint (Docket No. 9-1) is granted without prejudice. Moyaho has 21 days to file a second amended complaint.

ENTER:

Dated: April 22, 2004

REBECCA R. PALLMEYER
United States District Judge